# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PJD Entertainment, Inc., d/b/a : 
Savannah's on Hanna, : 
                Petitioner : 
                 : 
            v. : No. 751 C.D. 2015
                 : Argued: December 7, 2015
Department of Health, Bureau of : 
Health Promotion and Risk : 
Reduction, : 
                Respondent : 

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED: January 29, 2016**

        PJD Entertainment, Inc., d/b/a Savannah's on Hanna (Appellant/PJD), petitions for review of the order of the Secretary of Health upholding the decision by the Department of Health, Bureau of Health Promotion and Risk Reduction, revoking the Clean Indoor Air Act (CIAA)[1] Exception Permit issued to PJD on or about February 5, 2013, finding that the establishment met the definition of a

---

[1] Act of June 13, 2008, P.L. 182, 35 P.S. §§ 637.1--637.11.

"nightclub" under the law and was therefore not exempt from the CIAA's general prohibition against smoking in a public place.[2]

PJD initially sought an exception under the CIAA on the ground that it qualified as a Type I Drinking Establishment under Section 2 of the CIAA, 35 P.S. § 637.2(1). The Department classifies drinking establishments as either Type I or Type II, based on the definitions provided in Section 2, subsections (1) and (2). 35 P.S. § 637.2(1)(i)-(iii) and (2)(i)-(iv). A Type I drinking establishment is one which:

> **(i)** operates pursuant to an eating place retail dispenser's license, restaurant liquor license or retail dispenser's license under the act of April 12, 1951 (P.L. 90, No. 21), known as the Liquor Code;
> **(ii)** has total annual sales of food sold for on-premises consumption of less than or equal to 20% of the combined gross sales of the establishment; and
> **(iii)** does not permit individuals under 18 years of age.
> * * * *
> The term does not include a nightclub.

Pursuant to Section 3 of the CIAA, an exception to the general smoking ban is available to a "drinking establishment," provided that the establishment "submit[s] a letter, accompanied by verifiable supporting documentation, to the department claiming an exception under subsection (b)." 35 P.S. § 637.3(b)(10) and (c)(1).

PJD submitted a CIAA Exception Renewal Sales Information form to the Department in January 2014. After the Bureau requested additional

---

[2] Pursuant to Section 2 of the CIAA, a "Night Club" is "[a] public hall or hall for which admission is generally charged and which is primarily or predominantly devoted to dancing or to shows or cabarets as opposed to a facility that is primarily a bar, tavern or dining facility." 35 P.S. § 637.2.

2

information, PJD faxed the additional information form[3] and a copy of its Pennsylvania Restaurant Liquor License to the Bureau. Reproduced Record (R.R.) 10A-11A. Based on this information, on February 12, 2014, the Bureau issued PJD a letter revoking its previously issued CIAA Exception Permit based on the determination that the establishment met the definition of a nightclub (and not a drinking establishment) under the CIAA. PJD requested reconsideration,[4] which was denied, after which it filed an appeal with the Secretary. By letter dated July 28, 2014, the Department notified PJD that it had received its appeal letter and that the record had been certified and was available for review at the Department until August 28, 2014. PJD was also informed that it could submit additional documentation with the Department up to September 8, 2014.

On April 9, 2015, the Department, through its Acting Deputy Secretary of Health, issued its determination and order, deciding first that, as there were not any facts at issue, an evidentiary hearing was not needed. The Department also concluded that PJD's establishment was a "nightclub" under the CIAA and, therefore, it could not meet the exception for a "drinking establishment" under Section 3 of the CIAA. Accordingly, it upheld the Bureau's decision revoking PJD's Exception Permit. This appeal followed.

PJD raises three issues before this Court. PJD asserts that it had a vested right in the Exception Permit and that it was error to revoke the permit

---

[3] On this form, PJD stated that it served food; that the facility was a dance club/hall on certain days and that it had dancing, which it described as "Entertainers/Performers"; that entertainment was also provided by "Weekly bands (DJ's [sic] & live)"; that admission was charged at "[v]arious [times], depending on entertainment"; and that the hours of operation were identical with the hours of entertainment. R.R. 10A.

[4] PJD asserted: "We are not a nightclub . . . [we are] a Gentlemen's Club. Any 'dancing' that is happening on site is only done by Entertainers/Performers, not that of patrons." R.R. 15A.

3

before its expiration. PJD also challenges the Department's determination that it was a "nightclub" and, therefore, not eligible for the smoking ban exemption. Finally, PJD contends that it was entitled to an evidentiary hearing.

PJD argues that the Department erred in not recognizing that it had a "vested right" in the Exception Permit (until it expired on February 28, 2015), upon which PJD relied for over a year before it was revoked. PJD asserts that, like the landowner who is allowed to use his or her property when in good faith he or she relied on a permit issued in error and incurred significant non-recoverable costs, the vested rights doctrine should similarly allow it to rely on the CIAA Exception Permit until its natural expiration on February 28, 2015.[5] PJD argues that in *Turner v. Martz,* 401 A.2d 585 (Pa. Cmwlth. 1979), this Court held that a landowner could not have his sewer permit revoked even though improperly issued because he had relied on the permit in good faith and had expended monies based upon its validity. We disagree.

First, we are aware of no application of the doctrine cited by PJD outside the area of land use variances. Second, the doctrine requires that the applicant prove that, in relying upon the permit issued in error, it incurred "significant non-recoverable costs." *Muth v. Ridgway Twp. Mun. Auth.,* 8 A.3d 1022, 1026 (Pa. Cmwlth. 2012) (citation omitted). PJD has not averred that it

---

[5] PJD cites for support *Muth v. Ridgway Twp. Mun. Auth.,* 8 A.3d 1022 (Pa. Cmwlth. 2010); *Chateau Woods, Inc. v. Lower Paxton Twp.,* 772 A.2d 122 (Pa. Cmwlth. 2001); and *Hitz v. Zoning Hearing Bd. of South Annville Twp.,* 734 A.2d 60 (Pa. Cmwlth. 1999). These cases all set forth the "vested rights doctrine," which "permits a landowner to use his property without obtaining a variance. However, the doctrine only applies to those cases where the applicant, in good faith, relies upon [some permission] issued in error and incurs significant non-recoverable costs." *Muth*, 8 A.3d 1022, 1026 (citing *Chateau Woods*, 772 A.2d at 126).

4

incurred any expenses, let alone "significant" expenses. Accordingly, even if not waived, we find no merit to PJD's vested rights argument.

Next, PJD asserts that the Department erred in concluding that its establishment was a "nightclub" and, therefore, not exempt from the general ban on smoking in a public place under the CIAA. PJD argues that it is not a "nightclub" as defined in the CIAA. Section 2 of the CIAA defines nightclub as: "[a] public hall or hall for which admission is generally charged and which is primarily or predominantly devoted to dancing or to shows or cabarets as opposed to a facility that is primarily a bar, tavern or dining facility." 35 P.S. § 637.2. PJD avers that because it operates pursuant to a restaurant liquor license, has total annual sales of food for on-premises consumption of less than or equal to 20% of the combined gross sales of its establishment, and it does not permit individuals under 18 years of age in the premises, it meets the definition of a "drinking establishment" under Section 2(1)(i) – (iii) of the CIAA, 35 P.S. § 637.2(1)(i)-(iii).

What PJD attempts to ignore is that even if the other criteria for a drinking establishment are met, a nightclub is specifically excluded from that definition under Section 2 of the CIAA. *See* 35 P.S. § 637.2 (Definitions, "Drinking Establishment" – "The term does not include a nightclub"). The statutory language clearly demonstrates that the General Assembly intended that facilities that focus on dancing, shows, or entertainment would be required to comply with the general ban on smoking, whereas facilities that focus predominantly on drinking could be exempted from the general ban on smoking.

The Department concluded that PJD operates as a "nightclub" because PJD's primary purpose is to provide entertainment in the form of nude or partially nude dancers and weekly bands and/or DJs, for which it generally charges

5

admission. As noted above, information provided to the Department by PJD stated that the facility was a dance club/hall on certain days and that it had dancing, which it described as, "Entertainers/Performers"; that entertainment was also provided by "Weekly bands (DJ's & live)"; that admission was charged at "[v]arious [times], depending on entertainment"; and that the hours of operation were identical with the hours of entertainment. R.R. 10A. We agree with the Department that the plain language of the operative statutory phrase is clear on its face and free from ambiguity. Moreover, an agency is granted deference with respect to its interpretation of the laws it is charged with enforcing. *See House of Leung, Inc. v. Dep't of Health,* 38 A.3d 986, 989 (Pa. Cmwlth. 2011). When a statute fails to define a term, the term's ordinary usage applies, and dictionaries provide substantial evidence of a term's ordinary usage. *Id.* at 990. Considering the ordinary usage of the terms in the CIAA, we conclude, as did the Department, that because PJD's primary or predominant purpose is in providing such entertainment and is not that of a bar, tavern, or dining facility, Savannah's on Hanna is by definition a "nightclub" under the CIAA and, therefore, it cannot meet the exception as a "drinking establishment."

Finally, PJD contends that the Department erred by not conducting an evidentiary hearing as requested by PJD to allow it an opportunity to be heard and examine witnesses. PJD asserts that the right to a hearing is especially critical where a permit has been issued and relied upon for over a year before being revoked without any opportunity to be heard. Although PJD concedes that the record "can be supplemented with paperwork and various documentation," it argues that, without a hearing, it was unable to "confront and examine the person" from the Bureau responsible for not only the original decision to issue the permit

6

but also the later decision to revoke it. This argument is without merit. PJD asserts that it sent a letter to the Department in July of 2014 requesting a hearing, but no such letter is in the certified record. Nor does it appear that Appellant made any attempt to supplement the certified record, although it was given an opportunity to do so. Even if it did request a hearing, however, a hearing was properly denied.

Section 504 of the Administrative Agency Law, 2 Pa. C.S. § 504, provides:

> No adjudication of a Commonwealth Agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

However, we have not construed Section 504 as requiring an evidentiary hearing in every case. *See Millcreek Manor v. Dep't of Pub. Welfare,* 796 A.2d 1020, 1028 n.11 (Pa. Cmwlth. 2002). Where no issue of fact is to be decided, an evidentiary hearing is not necessary. *Sal's Rest. v. Dep't of Health,* 67 A.3d 57, 61 (Pa. Cmwlth. 2013) [citing *Gruff v. Dep't of State,* 913 A.2d 1008 (Pa. Cmwlth. 2006)].

In the matter *sub judice,* we have reviewed the record and are unable to conclude that PJD has asserted a disputed material fact requiring an evidentiary hearing. Because the issue presented, whether Savannah's on Hanna is a "nightclub" ineligible for exemption under the CIAA, is a legal issue, not a factual one, an evidentiary hearing was not required in this case. *Sal's Rest.,* 67 A.3d at 61.

For all of the foregoing reasons, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PJD Entertainment, Inc., d/b/a  :
Savannah's on Hanna,    :
     Petitioner  :
         :
    v.     : No. 751 C.D. 2015
         :
Department of Health, Bureau of :
Health Promotion and Risk   :
Reduction,       :
     Respondent :

# **O R D E R**

   AND NOW, this 29th day of January, 2016, the order of the Department of Health, Bureau of Health Promotion and Risk Reduction, is hereby AFFIRMED.

           _____
           **BONNIE BRIGANCE LEADBETTER,**
           Judge